Filed 12/12/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JUSTIN KILUK,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>  Defendant and Appellant, | G056344<br><br>(Super. Ct. No. 30-2016-00866822)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Universal & Shannon, Jon D. Universal and James P. Mayo for Defendant and Appellant.

Rosner Barry & Babbitt, Hallen D. Rosner and Arlyn L. Escalante; Consumer Law Experts, Jessica Anvar and Michael M. Ouziel for Plaintiff and Respondent.

\*         \*         \*

The Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.; the Song-Beverly Act) provides enhanced remedies to consumers who buy new consumer goods accompanied by a manufacturer's express warranty.[1] (§ 1793.2.) It also provides for an implied warranty of merchantability. (§§ 1791.1, subd. (c), 1792.) The same protections generally apply to sale of used goods accompanied by an express warranty, except that the distributor or retail seller is bound, as opposed to the manufacturer, and the duration of the implied warranty of merchantability is much shorter. (§ 1795.5.)

This case involves the sale of a certified preowned Mercedes Benz that still had a portion of the new vehicle warranty remaining, and which was accompanied by an additional used vehicle warranty issued by the manufacturer. An uncurable defect manifested after the expiration of the new vehicle warranty, but during the duration of the used vehicle warranty. Mercedes Benz refused to repurchase the vehicle, and the plaintiff sued. A jury found Mercedes Benz liable under the Song-Beverly Act for breach of both the express warranty and the implied warranty of merchantability, and, pursuant to the stipulation of the parties as to the amount of damage, awarded the same compensatory damages on both causes of action. The court entered judgment on the jury's special verdict after striking the damages for breach of the implied warranty, presumably to avoid a double recovery.[2] Mercedes Benz appealed.

We conclude the jury's verdict on the breach of express warranty was sound. Although the Song-Beverly Act generally binds only distributors and retail sellers in the sale of used goods, we conclude Mercedes Benz stepped into that role by issuing an express warranty on the sale of a used vehicle. Accordingly, we affirm the judgment.

---

[1]    All statutory references are to the Civil Code unless otherwise stated.

[2]    Because we will affirm the judgment as entered on the verdict for breach of the express warranty, it becomes unnecessary to discuss the verdict on the alternate theory of breach of the implied warranty.

2

FACTS

In May 2014 plaintiff Justin Kiluk bought a certified pre-owned Mercedes-Benz vehicle for an out-the-door price of $121,922.23. The vehicle had 9,568 miles on it. It was purchased from Fletcher Jones Motorcars (which is not a party to this lawsuit).

The vehicle had originally been sold new in either August 2011 or October 2011 with a 4-year or 50,000 mile new car warranty.[3] Because plaintiff purchased the vehicle prior to the expiration of the new car warranty, he was entitled to its benefits until it expired in either August 2015 or October 2015. Additionally, defendant Mercedes-Benz USA, LLC (Mercedes Benz) issued a certified pre-owned warranty that would last for one year from the end of the new car warranty (either August 2015 or October 2015 through either August 2016 or October 2016).

Starting in December 2015, which was during the period of the certified pre-owned warranty, the vehicle began making a loud screeching noise every time plaintiff turned the steering wheel. Plaintiff brought the vehicle in for repairs multiple times, but the problem was never fixed, and ultimately Mercedes Benz took the position that the noise was "normal." Mercedes Benz refused to repurchase the car.

In August 2016 plaintiff filed the present lawsuit for breach of warranty and a violation of the Song-Beverly Act. This appeal principally concerns four motions in limine, one by plaintiff and three by Mercedes Benz. The court accurately described the three Mercedes Benz motions as essentially "untimely motions for summary adjudication." The one by plaintiff is entitled "Plaintiff's Motion in Limine No. 10 to Exclude Any Statement, Argument, or Testimony that The Mercedes-Benz Certified Pre-

_____

[3] Mercedes Benz states in its briefs on appeal that the original sale date of the new vehicle was *both* August 2011 and October 2011. Plaintiff's brief on appeal does not state the original sale date. The record on appeal does not otherwise clarify the date. Fortunately, the difference in dates is not dispositive.

Owned Warranty is Not an 'Applicable Express Warranty.'" Mercedes Benz filed a reciprocal motion entitled, "Motion in Limine No. 10 By Defendant Mercedes-Benz USA, LLC to Exclude Repairs or Customer Concerns After the Expiration of the Express Warranty" (by which it meant the express *new* vehicle warranty). In a similar vein, Mercedes Benz filed a motion targeting evidence of damages: "Motion in Limine No. 7 By Defendant to Restrict Plaintiff's Damages to the Remedies Available Under Commercial Code § 2-714" (the gist of which was that plaintiff's only remedy was for breach of contract, not the remedies available under the Song-Beverly Act). These motions all turned on Mercedes Benz's legal position that the Song-Beverly Act does not apply to an express warranty issued by a manufacturer with respect to a used vehicle. Mercedes Benz also filed a motion in limine targeting plaintiff's claim for breach of implied warranty based on Mercedes Benz's claim that the implied warranty expired over a year before plaintiff started experiencing the steering wheel defect. We need not address the court's ruling on the implied warranty motion in light of our resolution of the express warranty issue. (See fn. 2, *ante*.)

The court found in plaintiff's favor on the express warranty issue, finding that the Song-Beverly Act applied to the used car warranty issued by Mercedes Benz and thus granted plaintiff's motion, and denied Mercedes Benz's two motions. The court also found in favor of plaintiff on the implied warranty motion.

A jury found in favor of plaintiff on his causes of action for breach of express warranty and breach of the implied warranty of merchantability. It awarded $112,149.86 in stipulated damages, plus a penalty of $25,000 on the breach of express warranty. It awarded the same damages (without the penalty) on the breach of implied warranty claim. The court entered judgment on the jury's special verdict after striking the damages for breach of the implied warranty, presumably to avoid a double recovery. Mercedes Benz appealed from the ensuing judgment.

4

DISCUSSION

Mercedes Benz contends the judgment must be reversed. On the express warranty claim, Mercedes Benz contends the Song-Beverly Act does not apply to an express warranty issued by a manufacturer on a used vehicle. We disagree.

The Song-Beverly Act requires that where a manufacturer sells "consumer goods" accompanied by an express warranty, it must maintain local repair facilities "to carry out the terms of those warranties." (§ 1793.2, subd. (a)(1).) "'Consumer goods' means any *new product* or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." (§ 1791, italics added.)

"Except as provided in paragraph (2)," where a manufacturer does not "repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." (§ 1793.2, subd. (d)(1).) Paragraph 2 provides a more specific process for new motor vehicles: "If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B). However, the buyer shall be free to elect restitution in lieu of replacement, and in no event shall the buyer be required by the manufacturer to accept a replacement vehicle." (*Id*., subd (d)(2).) It then goes on to provide more specific procedures for replacement and restitution. (*Id*., subds. (d)(2)(B)-(C).)

5

The Song-Beverly Act provides similar remedies in the context of the sale of used goods, except that the manufacturer is generally off the hook: "Notwithstanding the provisions of subdivision (a) of Section 1791 defining consumer goods to mean 'new' goods, the obligation of a distributor or retail seller of used consumer goods in a sale in which an express warranty is given shall be the same as that imposed on manufacturers under this chapter except: [¶] (a) It shall be the obligation of the distributor or retail seller making express warranties with respect to used consumer goods (and not the original manufacturer, distributor, or retail seller making express warranties with respect to such goods when new) to maintain sufficient service and repair facilities within this state to carry out the terms of such express warranties." (§ 1795.5, subd. (a).)

Here, the parties dispute whether the subject vehicle was a "new motor vehicle" or a used good under the Song-Beverly Act. In *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112 (*Jensen*) the court held that a used vehicle sold during the period of a transferrable new vehicle warranty is a "new motor vehicle" for purposes of the Song-Beverly Act. While we have some reservations about that holding,[4]

---

[4] Would a car accompanied by a 20-year warranty still be a "new motor vehicle" under the Song-Beverly Act on year 18? That would seem to follow from the holding in *Jensen*. The *Jensen* court relied on the definition of "new motor vehicle" in section 1793.22 (*Jensen*, *supra*, 35 Cal.App.4th at pp. 121-122), which includes "a dealer-owned vehicle and a 'demonstrator' *or other motor vehicle sold with a manufacturer's new car warranty*," and concluded that every car sold with any portion of a new-vehicle warranty remaining is a new motor vehicle. (§ 1793.22, subd. (e)(2).) But arguably that language refers to cars *originally* sold with a new motor vehicle warranty, not subsequent sales. (See Veh. Code, § 430 ["A 'new vehicle' is a vehicle constructed entirely from new parts that has never been the subject of a retail sale"].) The *Jensen* court's approach creates a potential problem with the implied warranty of merchantability, in that a one-year implied warranty automatically attaches to any new consumer good sold in this state. (§ 1792.) Arguably, if a used vehicle is a "new motor vehicle," then the one-year implied warranty attaches to *every subsequent sale* during the warranty period, even if the manufacturer has no knowledge of the sale, and even though the Song-Beverly Act provides that "in no event shall such implied warranty have a duration of . . . more than one year following the sale of new consumer goods to a retail buyer." (§ 1791.1, subd. (c).) An alternative approach would be to hold that purchasers

6

ultimately we need not decide whether *Jensen* was correctly decided because, even if the vehicle was not a "new motor vehicle" under Song-Beverly Act, Mercedes Benz was still liable under the used goods provisions of section 1795.5.

Mercedes Benz argues section 1795.5 does not apply here because that section specifically exempts manufacturers, instead imposing obligations only on the retailer or distributor. But the assumption baked into section 1795.5 is that the manufacturer and the distributor/retailer are distinct entities. Where the manufacturer sells directly to the public, however, it takes on the role of a retailer. (See § 1791, subd. (*l* ) ["'Retail seller,' 'seller,' or 'retailer' means any individual, partnership, corporation, association, or other legal relationship that engages in the business of selling or leasing consumer goods to retail buyers"].) Nothing about the text of section 1795.5 suggests that where a manufacturer acts in the capacity of a retailer, it is exempt from the Song-Beverly Act. Here, Mercedes Benz partnered with a dealership to sell used vehicles directly to the public by offering an express warranty as part of the sales package, which is a crucial incentive for buyers like plaintiff. By partnering with the dealership, Mercedes Benz stepped into the role of a retailer and was subject to the obligations of a retailer under section 1795.5. That section provides that a retailer's obligations are the "same" as a manufacturer under section 1793.2. Accordingly, it was entirely proper to permit the jury to analyze Mercedes Benz's liability under section 1793.2.

---

of used vehicles during the period of a transferable new motor vehicle warranty have standing under the Song-Beverly Act because the *original* sale was of a new motor vehicle, and manufacturers have an ongoing duty under the Song-Beverly Act to "carry out the terms of those warranties." (§ 1793.2, subd. (a)(1).) If a term of the warranty is that it is transferrable, then the manufacturer's duties under the Song-Beverly Act continue post-transfer. This approach enforces the warranty while avoiding the problem of serial implied warranties.

DISPOSITION

The judgment is affirmed.  Plaintiff shall recover his costs incurred on appeal.

IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.